UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARY COLLEEN WEILAND,

    Plaintiff,

v.

MICHAEL J. SCULLY, M.D., and JANE DOE SCULLY, his wife; BROOKS WATSON II, M.D., and JANE DOE WATSON, his wife; KENNEWICK PUBLIC HOSPITAL DISTRICT, d/b/a KENNEWICK GENERAL HOSPITAL, a municipal corporation; KADLEC MEDICAL CENTER, a nonprofit Washington corporation,

    Defendants.

NO. CV-07-5042-RHW

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY**

Before the Court is the Defendants Kennewick General Hospital and Michael J. Scully, M.D. and Jane Doe Scully's Motion to Dismiss or in the Alternative to Stay Plaintiff's action (Ct. Rec. 36). Also before the Court are Defendants Brooks Watson, II, M.D. and Jane Doe Watson's Joinder in Motion to Dismiss (Ct. Rec. 43), and Defendant Kadlec Medical Center's Joinder in Motion to Dismiss or in the Alternative to Stay (Ct. Rec. 42). These motions were heard without oral argument.

## BACKGROUND

Plaintiff Mary Colleen Weiland contends that Defendants committed medical malpractice through a series of negligent acts by creating a pathway between Plaintiff's rectal and vaginal tracts. Plaintiff brings her state law based

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** * 1

medical malpractice suit against Defendants alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Defendants neither admit nor deny diversity of citizenship.

## DISCUSSION

Defendants filed a Federal Rule of Civil Procedure 12(b)(1) motion asserting Plaintiff's complaint should be dismissed as it:

(1) fails for lack of subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff in her pleading stated that the parties are "residents" of different states instead of "citizens" of different states; and

(2)(a) fails because Plaintiff's case presents countervailing factors against the exercise of federal jurisdiction under the *Colorado River* doctrine, and (b) fails because Plaintiff is pursuing an identical action separately and simultaneously in state court.

**I.    Lack of Subject Matter Jurisdiction by Plaintiff's incorrect use of "residents" and inconsistent use of "citizens."**

Defendants Scullys, Watsons, Kennewick, and Kadlec move for a dismissal due to Plaintiff's failure to state in her pleading the existence of complete diversity.

    **A.    Standard of Review**

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *Fed . Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 635 (9th Cir.1989) (quoting *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988)).

    **B.    Analysis**

Defendants argue that Plaintiff has not "affirmatively and distinctly" pled that Defendants are in fact citizens of different states from Plaintiff.  They reference the amended complaint (Ct. Rec. 26 at 1-2) where Plaintiff uses the word

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** \* 2

"residents" instead of "citizens."

Plaintiff responds to Defendants' argument by pointing to paragraph V of her complaint (paragraph VI of her second amended complaint), which states federal jurisdiction exists by diversity of citizenship with a suit between a "citizen" of Oregon and "citizens" of the state of Washington and corporations or entities with their principal place of business in the State of Washington.[1]

The Court finds that Plaintiff has properly plead diversity jurisdiction. First, Plaintiff does claim diversity jurisdiction in her complaint and properly uses the word "citizen" (Ct. Rec. 48 at 1-2). By properly using the word "citizen" in the part of her complaint alleging jurisdiction Plaintiff has met her burden.[2]

Consequently, the Court denies Defendants' Motion to Dismiss on the grounds that Plaintiff's amended complaint does meet the requirements of subject matter jurisdiction.

**II(a). Plaintiff's action presents countervailing factors against the exercise of federal jurisdiction and should be dismissed or stayed under the *Colorado River* doctrine.**

Plaintiff filed twin actions in Benton County and in this Court to protect herself from having her state claim barred by the running of the statute of limitations if it should later be determined that the Federal District Court is without diversity jurisdiction. Defendants neither challenge nor admit diversity

---

[1] The complaint also states that the amount in controversy substantially exceeds the $75,000 requirement.

[2] If a district court may review any evidence to resolve factual disputes concerning the existence of jurisdiction, including beyond the face of the pleadings, it also has the authority to resolve factual disputes within the pleadings. *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** * 3

jurisdiction, but instead state that this Court may abstain from the exercise of subject matter jurisdiction under the *Colorado River* doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

### A. Standard of Review

The Supreme Court has stated that a federal court with subject matter jurisdiction may abstain under the *Colorado River* doctrine due to principles "of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. However, "the circumstances permitting the dismissal are considerably more limited than the circumstances appropriate for abstention."[3] *Id.* at 818. The general rule is to exercise federal jurisdiction when it exists:

> [The] task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983) (alteration in original). In fact, "the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them" even when the action is pending in state court. *Id.* at 15.

This "unflagging obligation" applies to both dismissals and stays. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993) ("[o]nly exceptional circumstances justify such a stay"). The Supreme Court and the Ninth Circuit have articulated a balance test of seven non-exclusive factors to be used in determining when to abstain under this doctrine. *Holder v. Holder*, 305 F.3d 854,

---

[3] The Supreme Court states here that the *Colorado River* doctrine is technically not part of the abstention doctrine (e.g. *Pullman*, *Younger*, *Burford* abstention), and the doctrine is much narrower than the abstention doctrine. *See Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir. 1989).

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** \* 4

869 (9th Cir. 2002). The factors are as follows:

> (1) whether the state court first assumed jurisdiction over property;
> (2) inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) whether federal law or state law provides the rule of decision on the merits;
> (6) whether the state court proceedings are inadequate to protect the federal litigant's rights;
> (7) whether exercising jurisdiction would promote forum shopping.

*Id.*

### B.   Analysis

Defendants concede that factors 1, 2, and 7 are not relevant to the current case. They instead focus on factors 3, 4, 5, and 6. Regarding factor 4, the order in which jurisdiction was obtained, Defendants reference *Cone*: "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." 460 U.S. at 21. Defendants argue that because the state court proceedings are running ahead (court has already issued its litigation scheduling order and currently has a motion to dismiss before it), factor 4 weighs in favor of abstention.

Plaintiff responds by pointing out that in this case both the federal and state cases were filed the same day. Additionally, the litigation schedule that Defendants use as evidence of progress is nothing more than the result of a state court rule that requires a scheduling order be issued at the start of every case. Benton-Franklin County Superior Court rule LCR 4(a).

The Court is not persuaded by Defendants' argument and can find no case law to support the idea that factor 4 weighs in favor of abstention by such "progress" in state court. "The mere existence of a case on the state docket in no way causes a substantial waste of judicial resources nor imposes a burden on the defendant which would justify abstention." *Herrington v. County of Sonoma*, 706 F.2d 938, 940 (9th Cir. 1983). Because the two cases were filed on the same day

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** * 5

and there has been no real progress in state court, factor 4 is irrelevant to the case at hand.

Defendants also focus on factor 3, the desirability of avoiding piecemeal litigation, together with factor 5, controlling law, in favoring abstention. They point out that Plaintiff's case is based exclusively on state law. They also contend that the case requires the application of RCW 7.70.100,[4] for which there is no body of state appellate law. They surmise that if this Court does not abstain from the exercise of jurisdiction it will find itself in needless and wasteful piecemeal litigation and procedural delay by having to possibly certify statutory interpretation issues to the State Supreme Court.[5]

Plaintiff responds that the lack of interpretation of RCW 7.70.100 is no reason to surrender federal jurisdiction. She makes two arguments on this point. First, the statute was amended less than two weeks after Plaintiff filed her pre-claim notice.[6] Second, the statute can be understood on its face.

The Court is not persuaded by Defendants' factor 3 (piecemeal litigation)

---

[4] RCW 7.70.100 reads in part:

> No action based upon a health care provider's professional negligence may be commenced unless the defendant has been given at least ninety days' notice of the intention to commence the action.

It is the Defendants' position that one Defendant was not given the required notice by Plaintiff.

[5] Defendants also argue that under the surface of RCW 7.70.100 there is a statute-of-limitation challenge and a connected consideration of a mandatory mediation of health care claims under Washington Rules for Superior Court, CR 53.4, for which there is no corresponding rule under the Fed. R. Civ. P. 53.

[6] Plaintiff does not explain this argument, but the Court assumes that her position is that with a defunct statute there is less of a need to have it interpreted by the State Supreme Court.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** \* 6

arguments. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). Unlike *Colorado River*, where important real property rights were at stake and where there was a substantial danger of inconsistent judgments, the present case appears to involve fairly ordinary tort issues. *See Travelers Indem. Corp. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990). Most significantly, the state court has made no judgments because the Plaintiff has intended to drop the state court action once diversity is assured.

Additionally, Defendants' argument that controlling state law is so complicated that this Court should abstain from its exercise of jurisdiction is not compelling. Factor 5 (controlling law) has little weight in this case because the tort is based on state law. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender." *Cone*, 460 U.S. at 26. "However, where state law issues predominate, the source of law [factor] is of diminished importance." *Cerit v. Cerit*, 188 F. Supp. 2d 1239 (D. Haw. 2002); *see also Am. Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 886 (11th Cir. 1990) ("Although only state law will govern all of the claims in this lawsuit, the Court does not weigh that factor heavily against the exercise of its diversity jurisdiction.").

Finally, Defendants argue that factor 6 (whether state court can adequately protect the right of the parties) also favors abstention. They argue that because the case is based on state law the state courts are more than capable of adjudicating the claim. Plaintiff responds that the federal forum provides them with benefits unavailable in the state court (*e.g.* less chance of biased jurors with knowledge of Defendants, limitations on expert testimony, and limitations on non-deposition discovery).

When considering factor 6, a court is required to conclude that "parallel

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** * 7

state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," and "that the federal court will have nothing further to do in resolving any substantive part of the case." *Intel Corp.*, 12 F.3d at 912. As the current case is based exclusively on state law, factor 6 does appear to weigh in the Defendants' favor.

Considering all factors together, a dismissal or stay under *Colorado River* is inappropriate. Factors 1, 2, and 7 are admittedly irrelevant. Factor 4, order of jurisdiction, does not weigh in favor of abstention. Factor 3, piecemeal litigation, does not appear to support abstention. Factor 5, controlling law, is not a weighted factor when it is a state law claim. Factor 6, whether state court can adequately protect the rights of the parties, appears to be the significant factor weighing in favor or abstention. In totality the factors in favor of abstention do not rise to the "exceptional circumstances" requirement. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d at 912. If this Court were to grant abstention by mainly relying on factor 6 (whether state court can adequately protect the right of the parties), it would be stretching *Colorado River* to the point of eliminating the future of diversity jurisdiction.

Consequently, this Court denies Defendants' Motion to Dismiss or in the Alternative Stay (Ct. Rec. 36) on the grounds that the case does not meet the exceptional circumstances" of *Colorado River* doctrine.

**II(b).  Plaintiff cannot pursue an identical action separately and simultaneously in state court.**

Within their *Colorado River* abstention argument, Defendants contend that Plaintiff does not have the right to actively pursue parallel state and federal actions simultaneously. Plaintiff filed actions the same day in both state and federal court because of statute of limitations concerns. Plaintiff has the intention of dismissing the state case if diversity jurisdiction is accepted by this Court.

Defendants support their argument that Plaintiff does not have the right to

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** * 8

1 actively pursue both actions with *Ollie v. Riggin*, 848 F.2d 1016, 1017 (9th Cir. 1988). However, as Plaintiff points out, in *Ollie*, the state court ruled against the plaintiff before her case was even heard in Federal Court; by the time the case reached the Ninth Circuit Court of Appeals, the Washington State Court of Appeals had reversed the state trial court and the case was pending at the Washington Supreme Court. *Id.* In contrast, in the present case there have not been any rulings made by the state court. This Court does not find *Ollie* to be on point.

Thus, the Court denies Defendants' Motion to Dismiss on the grounds that Plaintiff is not pursuing two actions simultaneously.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss (Ct. Rec. 36) is **DENIED**.

2. Defendants Brooks Watson, II, M.D. and Jane Doe Watson Joinder in Motion to Dismiss (Ct. Rec. 43) is **GRANTED**.

3. Defendant Kadlec Medial Center's Joinder in Motion to Dismiss or in the Alternative to Stay (Ct. Rec. 42) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 19th day of February, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\Civil\2007\Weiland\sj.ord.deny.wpd

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY** * 9